## CIRCUIT COURT OF FAIRFAX COUNTY

Winesett

v.

Crowe

### May 7, 1991

### Case Nos. (Law) 98416 and L98467

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider the defendant's demurrer to the claim for punitive damages. The Court has reviewed the arguments of counsel, as well as the principal cases of *Booth v. Robertson*, 236 Va. 269, 374 S.E.2d 1 (1988), and *Hack v. Nester*, 7 V.L.R. 816 (1990), and for the reasons that follow, overrules the demurrer.

In a personal injury case, an award of punitive damages may be based on a showing of malicious conduct or negligence which is so willful or wanton as to evince a conscious disregard of the rights of others. *Booth*, 236 Va. 269, 272, 374 S.E.2d 1. Additionally, the level of a defendant's intoxication is relevant to a determination of the degree of his negligence; whether ordinary, gross, or wanton. *Id.* at 273, 374 S.E.2d 1. However, intoxication alone, without an "egregious set of facts" is not enough to support a claim for punitive damages. *Hack*, 7 V.L.R. 816, 823. Accordingly, whether the negligence in a case rises to the necessary level of wantonness depends on the facts of the case.

In *Booth v. Robertson*, a driver with a blood alcohol level of 0.22% drove 0.4 miles in the wrong direction on a divided interstate highway, causing a head-on collision with the plaintiff. In allowing a punitive damage claim, the Court stated:

> The objective fact that the defendant in this case voluntarily consumed enough intoxicants to produce a reading of 0.22% blood alcohol content, causing him to drive as he did on the night in question, provides sufficient proof of his conscious disregard of the rights of others.

*Booth*, 236 Va. 269 at 273, 374 S.E.2d 1.

Later in *Hack v. Nester*, a claim for punitive damages was denied where a driver had a blood alcohol level somewhere between .09 and .114, was driving with a broken left headlight, and swerved into oncoming traffic while rounding a curve. There, the Court stated:

> Even though this accident produced a more tragic result, the evidence here does not present the "egregious set of facts" presented in *Booth*.

*Hack*, 7 V.L.R. 816 at 823. The *Hack* Court distinguished its holding from that in *Booth* by stressing the difference in degree of intoxication in the two cases, as well as the degree of egregious driving behavior immediately prior to collision; *Booth*, involving driving on the wrong side of a divided highway for .4 miles versus *Hack*, involving swerving into the wrong lane while rounding a curve.

In the case at bar, the plaintiff has alleged a blood alcohol level of 0.19%, nearly twice the prohibited statutory level. Additionally, the plaintiff has alleged driving behavior immediately prior to the collision, including driving 80 miles per hour while erratically, dangerously, and repeatedly changing lanes which, if proven, could support a conclusion of conscious disregard. Being compelled to assume the truth of the allegations for the purposes of demurrer, *Duggin v. Adams*, 234 Va. 221, 223 (1987), the Court concludes that sufficient facts have been alleged to sustain a claim for punitive damages.